UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEREMY HOLMES,

    Petitioner,

v.                                                   Case No.  6:13-cv-57-Orl-40KRS

SECRETARY, DEPARTMENT
 OF CORRECTIONS, et al.,

    Respondents.

_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 14).  Petitioner filed a reply (Doc. No. 21), an amended reply (Doc. No. 25), and a second amended reply (Doc. No. 29) to the response.

Petitioner alleges eight claims for relief in his habeas petition.

I.   *Procedural History*

Petitioner was charged by indictment with first degree murder with a firearm. A jury found Petitioner guilty as charged in the indictment, and the trial court adjudicated Petitioner guilty of the crime and sentenced him to life imprisonment. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed. *See Holmes v. State*, 982 So. 2d 1243 (Fla. 5th DCA 2008). Petitioner sought discretionary review with the Supreme Court of Florida, and the petition was dismissed for lack of jurisdiction.

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, which the trial court denied. Petitioner appealed the denial, and the state appellate court affirmed *per curiam*.

Petitioner then filed a petition for writ of habeas corpus with the state trial court, which the trial court denied. The state appellate court affirmed the denial *per curiam*.

Lastly, Petitioner filed a second Rule 3.850 motion with the state trial court, which the trial court denied. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

II.  *Legal Standards*

A.   *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

   (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[3] *Id.*

---

[3]**Error! Main Document Only.**In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B.     *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2]  *Id*. at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual

---

established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989)

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

III. *Analysis*

A. *Claim One*

Petitioner states that the trial court erred in denying his motion for discharge based on the expiration of the speedy trial period. This claim was raised in Petitioner's direct appeal.

Although this claim was raised on direct appeal, Petitioner did not present the claims in terms of a deprivation of a federal constitutional right. To properly exhaust a

5

claim, a petitioner "must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010). Additionally, to properly exhaust the claim, the petitioner must have "assert[ed] [the] claim as a matter of federal law" in state court. *Jimenez v. Fla. Dep't of Corr.*, 481 F.3d 1337, 1342 (11th Cir. 2007); *see also Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("[T]o exhaust state remedies fully the petition must make the state court aware that the claims asserted present federal constitutional issues.").

When a petitioner fails to exhaust a claim in state court, and "it is clear from state law that any future attempts at exhaustion would be futile, that claim may be treated as being procedurally defaulted." *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999). A petitioner can "escape the procedural default doctrine either through showing cause of the default and prejudice . . . or establishing a `fundamental miscarriage of justice.'" *Id.* at 1306. To overcome procedural default through a fundamental miscarriage of justice, the petitioner must make "a colorable showing of actual innocence." *Id.*

Here, Petitioner raised this claim on direct appeal only in the in the context of an alleged violation of state law. As such, this claim has not been properly exhausted. Moreover, because he would be precluded from now raising this claim in the state courts, it is procedurally defaulted.

Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the fundamental

6

miscarriage of justice exception. Because Petitioner fails to satisfy either of the exceptions to the procedural default bar, this claim is denied.

B. *Claim Two*

Petitioner states that the trial court erred in denying his motion for a judgment of acquittal. This claim was raised in Petitioner's direct appeal.

Under Florida law, a motion for judgment of acquittal challenges the legal sufficiency of the evidence. *State v. Odom*, 862 So. 2d 56, 59 (Fla. 2d DCA 2003). A judgment of acquittal should be granted when the State fails to present legally sufficient evidence to establish each element of the crime charged. *Id*. On federal habeas review, the question for the Court concerning the sufficiency of evidence in a state court proceeding is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). For a judgment of acquittal to be properly denied, it is not necessary that all facts favor the prosecution. *See Cosby v. Jones*, 682 F.2d 1373, 1383 n. 21 (11th Cir. 1982) (finding that "[t]he simple fact that the evidence gives some support to the defendant does not demand acquittal.").

In the present case, the record amply supported the trial court's denial of Petitioner's motion for a judgment of acquittal. In particular, the evidence and testimony demonstrated that the victim died of gunshot wounds to his chest and back. An eyewitness saw Petitioner accost the victim, harangue him for several seconds about some missing drugs, pull a gun from his waistband, and fire three shots into him.

The Court concludes that the evidence, when viewed in a light most favorable to the State and after resolving all conflicts in favor of the prosecution, mandates the denial of Petitioner's claim. *See Machin v. Wainwright*, 758 F.2d 1431, 1435 (11th Cir. 1991) (the federal habeas court must presume that conflicting inferences to be drawn from the evidence were resolved by the trier of fact in favor of the prosecution). There was sufficient evidence to convict Petitioner of first degree murder with a firearm, and the trial court did not violate Petitioner's constitutional rights by submitting the case to the jury. As a result, claim two must be denied.

Further, relief must be denied based on section 2254(d). The claim was adjudicated on the merits by the state appellate court. Petitioner has failed to demonstrate that the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Finally, Petitioner has not shown that the adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Consequently, claim two is denied.

C.   *Claim Three*

Petitioner argues that trial counsel was ineffective for failing to move to suppress the eyewitness identification of Petitioner as the shooter based on an unduly suggestive photo array. This claim was raised in Petitioner's first Rule 3.850 motion and was denied because the procedure employed by the police was not unnecessarily suggestive.

8

Andre Irwin, who witnessed the shooting, testified that Detective Michael Kisper, who showed him the photo lineup, did not point to any particular picture and did not suggest any specific picture to be viewed. Ex. 2 at 74. Further, the detective did not call his attention to any one photograph. *Id*.

Detective Kisper testified that Irwin was presented with six photographs, which were placed face down. *Id*. at 250. Detective Kisper told Irwin that there was no guarantee that the suspect was in the photo array. *Id*. at 251. Detective Kisper also told Irwin to touch every photograph and not to focus on a particular hairstyle or piece of jewelry. *Id*. at 252.

The record reflects that the procedure employed by law enforcement was not impermissibly suggestive. Consequently, counsel did not act deficiently with regard to this matter. Further, there has been no showing of prejudice. As such, the state court's rejection of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court precedent, nor was it based upon an unreasonable determination of the facts in light of the evidence presented. Therefore, claim three is denied.

### D.   *Claim Four*

Petitioner argues that trial counsel was ineffective for failing to call Michael Green as a witness. Petitioner states that Green "would testify that he (Green) was in the area when the shooting occurred and that Petitioner left the area to go home for the evening before the shooting took place." Doc. No. 2 at 11. The claim was raised in Petitioner's

Rule 3.850 motion and was denied because "[t]he fact that Mr. Green was `was in the area' and didn't see Defendant does not negate the testimony of Mr. Irvin, who was present at the shooting." Ex. 15 at 4.

Petitioner does not claim that Green witnessed the shooting or that he (Green) was elsewhere with Petitioner when the shooting occurred. The alleged testimony of Green does not contradict the testimony of Irwin, who was present at the shooting.

Moreover, the law does not favor ineffective assistance of counsel claims based on complaints of uncalled witnesses. *See Gasanova v. United States,* 2007 WL 2815696, at *9 (W.D. Tex. September 6, 2007) (citations omitted) (footnotes omitted). The presentation of witness testimony is essentially strategy, and it is, therefore, within trial counsel's domain. *Id*. Mere speculation as to the testimony an uncalled witness would have given is too uncertain. *Id*. A petitioner cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim. *Id*. In the case of an uncalled witness, at the very least, the petitioner must submit an affidavit from the uncalled witness stating the testimony he or she would have given had they been called at trial. *Id*. To show prejudice, the petitioner must show not only that the uncalled witness's testimony would have been favorable, but also that the witness would have testified at trial. *Id.* Here, Petitioner fails to meet the prejudice prong of *Strickland* since he has not demonstrated that the testimony of this witness would have been favorable or that this witness would have actually testified at trial.

Petitioner has failed to meet either prong of the *Strickland* test. As such, Petitioner fails to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in denying relief on this claim. Thus, claim four is denied.

## E.     *Claim Five*

Petitioner states that trial counsel was ineffective for interfering with his right to testify at trial. He states that counsel misinformed him that his past drug offenses would be revealed to the jury. This claim was raised in Petitioner's Rule 3.850 motion and was denied because, had Petitioner testified, the jury would have become aware that he was a convicted felon.

At trial, Petitioner informed the trial court that he would not be testifying, that he had spoken with his counsel about the advantages and disadvantages of testifying, that counsel had answered all of his questions about testifying, and that no one had forced him to make this decision. Ex. 2 at 292. Further, Petitioner's credibility as a witness could have been attacked by evidence that he had been convicted of a felony. *See* § 90.610(1), Fla. Stat.

Finally, Petitioner's proposed testimony that he was asleep at the time of the murder would not have affected the outcome of his trial. The defense called two witnesses to testify on Petitioner's behalf. One was Petitioner's brother, the other was Petitioner's father. Petitioner's brother stated that he was with Petitioner at their home on the night of the murder, that he (Petitioner's brother) went to bed at about 11:00 p.m.

11

or 12:00 a.m. that night, and that Petitioner was still there when he arose the next morning. Ex. 2 at 295-96. Petitioner's father testified that he last saw Petitioner in their home at approximately 10:00 p.m. or 11:00 p.m. the night of the murder and that he saw Petitioner around 10:00 a.m. the next morning. *Id*. at 303. Thus, Petitioner's testimony would have merely been cumulative to the testimony of his father and brother, which was rejected by the jury.

Petitioner has failed to meet either prong of the *Strickland* test. As such, Petitioner fails to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in denying relief on this claim. Thus, claim five is denied.

### F.   *Claim Six*

Petitioner argues that trial counsel was ineffective for failing move for a judgment of acquittal based on the fact that the State's evidence was insufficient. The claim was raised in Petitioner's Rule 3.850 motion and was denied because the eyewitness testimony of Irwin was legally sufficient to support the conviction.

Under Florida law, a motion for judgment of acquittal challenges the legal sufficiency of the evidence. *State v. Odom*, 862 So. 2d 56, 59 (Fla. 2d DCA 2003). A judgment of acquittal should be granted when the State fails to present legally sufficient evidence to establish each element of the crime charged. *Id*.

At trial, Irwin identified Petitioner as the shooter and stated he was positive of the identification. Ex. 2 at 57, 99. This evidence was legally sufficient to show that the crime

was committed by Petitioner and to support the conviction. As a result, Petitioner has failed to show that counsel acted deficiently with regard to this matter or that he sustained prejudice. Petitioner fails to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in denying relief on this claim. Thus, claim six is denied.

### G. *Claim Seven*

Petitioner argues that the standard jury instruction on manslaughter was improper. Petitioner relies on *State v. Montgomery*, 39 So. 3d 252 (Fla. 2010), in which the Supreme Court of Florida held that the standard jury instruction on manslaughter by act was erroneous because the crime of manslaughter by act did not require proof that the defendant intended to kill the victim. This claim was raised in the petition for writ of habeas corpus filed by Petitioner in the state trial court.

In *Harricharan v. State*, 59 So. 3d 1162 (Fla. 5th DCA 2011), the state appellate court held that *Montgomery* did not apply to cases that were final before *Montgomery* was decided. The *Montgomery* decision was rendered after the conviction in this case, and, therefore, it is not applicable. As a result, this claim is without merit.

Moreover, Petitioner fails to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in denying relief on this claim. Claim seven is denied.

H.   *Claim Eight*

Petitioner states that trial counsel did not provide adequate assistance during plea negotiations. This claim was raised in Petitioner's second Rule 3.850 motion and was denied because it was procedurally barred.

Petitioner's claim is procedurally barred because the trial court so determined in its order denying Petitioner's motion for postconviction relief, and the state appellate court affirmed *per curiam*.[4]  The denial on procedural bar grounds was a correct application of Florida law.

In the present case, Petitioner has neither alleged nor shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actual innocence exception. A review of the record reveals that the Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claim eight is procedurally barred and is denied.

Petitioner argues that his procedural default of this claim is excused by *Martinez v. Ryan*, 132 S. Ct 1309 (2012). In *Martinez*, the Supreme Court held that ineffective assistance of collateral counsel in an initial review state collateral proceeding may provide cause to excuse the procedural default of an ineffective assistance of trial counsel

---

[4] A *per curiam* affirmance of a trial court's finding of a procedural default is a sufficiently clear and express statement of reliance on an independent and adequate state ground to bar consideration by the federal courts. *See Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir. 1990).

14

claim, if the defaulted claim is substantial. The Court concludes that claim eight is not substantial.

Petitioner alleges that counsel told him to reject a "7 year plea because the state could not prove premeditation." *See* Doc. No. 2 at 28. Prior to trial, the trial court and the parties discussed the possibility of a plea offer. Although "seven years" was mentioned as a possible plea offer, the prosecutor never formally approved the offer as she had not spoken with the victim's family regarding the matter. *See* Ex. 2 at 8. Further, the trial court informed Petitioner that the maximum sentence in this case was "life in prison," and Petitioner never expressed his desire to enter a plea. *See* Ex. 2 at 6. As such, Petitioner has not shown that counsel acted deficiently, and claim eight is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Jeremy Holmes is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a constitutional right.[3]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 6th day of October, 2014.

```
                              _____
                              PAUL G. BYRON
                              UNITED STATES DISTRICT JUDGE
```

Copies to:
OrlP-2 10/6
Jeremy Holmes
Counsel of Record

---

[3]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.